2007 OK CIV APP 32

In the Matter of the PROTEST TO the DENIAL OF the APPLICATION OF OKLAHOMA METAFUND COMMUNITY DEVELOPMENT CORPORATION for Recognition as a Qualified Small Business Capital Company.

Oklahoma Metafund Community Development Corporation, Appellant,

v.

State of Oklahoma ex rel. Oklahoma Tax Commission, Appellee.

No. 102,838.

Court of Civil Appeals of Oklahoma, Division No. 4.

Sept. 26, 2006.

Rehearing Denied Dec. 26, 2006.

Certiorari Denied April 2, 2007.

Timothy M. Larason, Valerie R. Devol, Andrews Davis, Oklahoma City, OK, for Appellant.

Douglas B. Allen, General Counsel, Dawn Elizabeth Cash, Senior Deputy General Counsel, Ashley D. Williams, Assistant General Counsel, Oklahoma Tax Commission, Oklahoma City, OK, for Appellee.

DOUG GABBARD II, Presiding Judge.

¶1 Appellant, Oklahoma Metafund Community Development Corporation, (Metafund), seeks review of an Oklahoma Tax Commission (OTC) order determining that Metafund does not qualify as a "small business capital company" under 68 O.S.2001 § 2357.61(7), because it is not a "C corporation" as defined by the Internal Revenue Code, 26 U.S.C.A. § 1 *et seq.* (West 2002 & Supp.2006)(hereinafter IRC). For the reasons set forth below, we affirm OTC's order.

## FACTS

¶2 Metafund is a not-for-profit corporation formed under Oklahoma's General Corporation Act, 18 O.S.2001 & Supp.2005 §§ 1001 through 1144, and is a tax-exempt entity under IRC § 501(c)(3). According to its articles of incorporation, its primary purpose is "community development as a certified community development financial institution," to be accomplished through such activities as promoting business and economic development in "distressed and undeserved communities" in Oklahoma, encouraging an increase in minority-owned and small businesses, and providing financing for economic development activities. Its articles of incorporation

specifically provide that "[n]o part of the net earnings of [Metafund] shall inure to the benefit of any member, director, officer ... or any private individual...."

¶ 3 The issue in this case is whether a tax-exempt corporation like Metafund may also be classified as a "qualified small business capital company" as defined in Oklahoma's Small Business Capital Formation Incentive Act, 68 O.S.2001 & Supp.2005 §§ 2357.60 through 2357.67 (the Incentive Act). Metafund argues that it needs this classification in order for certain funds invested with and by Metafund to qualify for tax credits under the Incentive Act.[1] However, the record does not show Metafund desires to alter its status as a tax-exempt entity if it obtains the qualification and resulting tax credits.

¶ 4 In March 2004, the OTC Audit Division denied Metafund's status as a qualified small business capital company because "[a]n organization exempt from income tax under IRC Section 501(c)(3) ... is not a 'C' corporation as defined by the Internal Revenue Code," and therefore cannot be a "qualified small business capital company." Metafund protested the denial.

¶ 5 The matter was heard by an OTC Administrative Law Judge (ALJ) based on an agreed record and stipulated facts. Among the exhibits included in the agreed record was an unpublished, April 29, 2004, memorandum from the Internal Revenue Service's (IRS) associate area counsel to the IRS's Oklahoma governmental liaison, concluding that:

> One of the basic tenets of an organization maintaining its tax exempt status is that no part of its net earnings shall inure to the personal benefit of any private shareholder or individual.... Because the earnings and profits of C corporations and S

corporations inure to the benefit of their shareholders, neither a C corporation nor an S corporation could qualify as a tax exempt organization under their respective articles of incorporation.

¶ 6 The ALJ agreed with the Audit Division, and in June 2005 issued an 11–page order denying Metafund's protest. Metafund sought review by OTC, which, in November 2005, issued an order adopting the ALJ's decision and rejecting Metafund's protest. Citing 68 O.S.2001 § 2353(3), the OTC order made an additional legal conclusion that the protest must be denied because Oklahoma law does not allow a taxpayer to be treated one way for federal tax purposes—i.e., as a tax-exempt corporation—and another way for state income tax purposes—i.e., as a taxable "C corporation."[2] Metafund appeals.

## STANDARD OF REVIEW

■ ¶ 7 The issue presented in this case concerns OTC's interpretation of a state statute that incorporates terms and classifications originating under federal tax laws. As such, we are presented with a question of law. *Blitz U.S.A., Inc. v. Okla. Tax Comm'n*, 2003 OK 50, ¶ 6, 75 P.3d 883, 885. "The Commission's legal rulings, like those made by a district court judge, are on review subject to an appellate court's plenary, independent and nondifferential reexamination. We hence review *de novo* the Commission's attribution of meaning" to statutory language. *Id.* (Footnotes omitted).

## ANALYSIS

¶ 8 The Incentive Act, enacted by the Oklahoma Legislature in 1997, provides for

1. According to Metafund's appellate filings, Metafund "entered into certain transactions by which funds invested with [Metafund] were then invested by it into 'Oklahoma small business ventures' in a manner which could qualify for tax credits under the Small Business Capital Formation Incentive Act" only if Metafund is a "qualified small business capital company."

2. The legal conclusion added by OTC states:
   13. For federal purposes, Protestant has elected to claim tax exempt status under Sub-

chapter F of the Internal Revenue Code, 26 U.S.C. § 501(c)(3), which is inconsistent with the taxable status of a corporation under either Subchapter C or Subchapter S. Now, for purposes of one part of the Oklahoma Income Tax Code, Protestant asks to be treated as a taxable Subchapter C corporation. Taxpayer cannot do both. Oklahoma law mandates that the tax status and all elections of a taxpayer shall be the same for state income tax purposes as they are for the federal. 68 O.S.2001, § 2353(3).

tax credits to be given for qualified investments in "qualified small business capital companies." 68 O.S.2001 § 2357.62(A). The tax credits are substantial.[3] Under 68 O.S. 2001 § 2357.61(7), a "[q]ualified small business capital company" is defined as "a C corporation or a subchapter S corporation, as defined by the Internal Revenue Code of 1986, as amended, incorporated pursuant to the laws of Oklahoma" which also meets a number of other criteria.

¶9 It is clear the Oklahoma Legislature intended that the term "C corporation" be interpreted by reference to the IRC. The IRC is defined by statute as including all IRC amendments as well as "other provisions of the laws of the United States relating to federal income taxes." 68 O.S.2001 § 2353(2). Terms used in the Oklahoma Income Tax Act have the same meaning as when they are used in a comparable context in the IRC "unless a different meaning is clearly required." Id. at § 2353(3).

¶10 IRC § 1361(a)(2) defines the term "C corporation" as meaning, "with respect to any taxable year, a corporation which is not an S corporation for such year." Metafund's primary argument on appeal is that OTC erred as a matter of law in determining that Metafund's status as a tax-exempt corporation under IRC § 501(c)(3) automatically excludes it from simultaneously being classified as a C corporation under the IRC. In short, Metafund argues that because the language of § 1361(a)(2) does not specifically *exclude* tax-exempt organizations from the definition of a C corporation, it does not have to be

"taxable" in order to qualify as a C corporation under the IRC.

■ ¶11 The issue appears to be one of first impression. Neither party cites precedential authority. As noted by OTC, however, its reliance on the advice of IRS counsel is justified in view of specific federal law contemplating that the IRS may issue written determinations concerning application of the federal tax code (see IRC § 6110), and the state legislature's expressed intent that the federal tax code be interpreted with reference to matters other than the language of the statutes alone. The ALJ also referred to U.S. Treasury Regulations which implicitly recognize the mutually exclusive nature of "tax-exempt" § 501 corporations and "taxable" C corporations. See e.g., 26 C.F.R. § 1.337(d)–4. The same regulation defines a "taxable corporation" as "any corporation that is *not* a tax-exempt entity as defined in paragraph (c)(2) of this section." Id. at § 1.337(d)–4(c)(1) (Emphasis added). "Tax exempt entities" under paragraph (c)(2) are those entities that are "exempt from tax under section 501(a)" of the IRC. Id. at § 1.337(d)–4(c)(2)(i).

¶12 In attempting to carry its burden of providing legal argument in support of its case, Metafund refers to a number of IRS Revenue Rulings and Private Letter Rulings containing language suggesting (though not deciding) that an entity such as a non-taxable C corporation may exist. However, none of the rulings deal specifically with a § 501(c)(3) organization or with the application of tax credits to a non-taxable entity.[4] Metafund

---

3. As described in the OTC's ALJ Order:
   At issue in this cause is the credit allowed by [the Incentive Act] against the tax imposed by § 2355 or 2370 of the Oklahoma Income Tax Act.... *The credit is twenty percent (20%) of the cash amount invested in qualified small business capital companies when said companies invest funds in an Oklahoma small business venture, 68 O.S.2001, § 2357.62(B); and twenty percent (20%) of the cash amount of qualified investment in Oklahoma small business ventures made in conjunction with an investment made by a qualified small business capital company, 68 O.S.2001, § 2357.63(B).* (Emphasis added).

4. For example, *Revenue Ruling 2003–69*, 2003 WL 21486404, attached to Metafund's Brief in

Chief (and discussed at greater length in the text) refers only to a tax-exempt corporation "under § 501(a)." *Revenue Ruling 74–277*, 1974 WL 35354, attached to Metafund's Reply Brief, addresses the concerns of a § 501(c)(8) fraternal beneficiary society converting to a mutual life insurance company. *Private Letter Rulings 9548034*, 1995 WL 705918 and*9124043*, 1991 WL 778911, attached to Metafund's Reply Brief, deal, respectively, with a § 501(c)(7) social club's conversion to a "taxable State X non-profit corporation," and a § 501(c)(2) corporation's transfer of assets to a new corporation. Neither letter ruling expresses an opinion on the implications of the transfers on the tax-exempt status of the organizations at issue.

also heavily relies on IRS Revenue Ruling 2003–69 for its assertion that tax exempt status is no bar to C corporation inclusion. However, that Revenue Ruling states only that "an exempt organization under section 501(a) can be a 'C corporation' for purposes of the small partnership exception," allowing exemption from certain audit and litigation procedures in the IRC's provisions concerning tax treatment of partnership items, IRC §§ 6221 through 6234. It does not address whether a § 501(c)(3) non-taxable corporation may nonetheless receive tax credits—or how such a status would be achieved.

¶ 13 Interestingly, Metafund does not respond to the primary ground for the IRS's conclusion in its 2004 memorandum that a C corporation may not simultaneously be a § 501(c)(3) organization, *i.e.*, that no part of a tax-exempt corporation's net earnings may inure to the personal benefit of a private shareholder or other individual. Clearly, § 501(c)(3) provides for the exemption from federal income tax of corporations organized and operated "*exclusively* for religious, charitable, scientific, testing for public safety, literary, or educational purposes ... no part of the net earnings of which inures to the benefit of any private shareholder or individual." (Emphasis added). Yet Metafund admittedly seeks to be classified as a C corporation so that it can take advantage of tax credits that presumably will inure to the benefit of Metafund's "investors"—inasmuch as Metafund itself has no income or other tax to which the credits could apply.[5]

¶ 14 In this regard, the case of *Housing Pioneers, Inc. v. Commissioner, Internal Revenue Service,* 58 F.3d 401 (9th Cir.1995), is instructive. There, the U.S. Tax Court denied § 501(c)(3) tax-exempt status to a nonprofit corporation formed to participate in low-income housing partnerships in California. The Ninth Circuit affirmed, agreeing with the Tax Court that one substantial purpose of the corporation was "to provide the benefit" of both the tax exemption and the tax credit to its investors, and that such a purpose rendered the organization non-exempt.

¶ 15 While there appears to be no general bar to a C corporation simultaneously being a tax-exempt corporation, two practical reasons prevent such a conclusion in this case. First, as noted above, Oklahoma law does not allow a corporation to elect to be treated one way for purposes of federal tax law and another for purposes of state tax law. 68 O.S.2001 § 2353(3). Second, neither this Court nor OTC can ignore the fact that Metafund's desire to be treated as a C corporation is totally at odds with its status as a tax-exempt corporation—i.e., it seeks designation as a C corporation to qualify for tax credits for funds which are invested with it and by it. OTC does not work in a vacuum. As OTC notes in its briefs, the agency determination which Metafund has challenged *was not* as much the general determination that a C corporation cannot simultaneously be a tax-exempt corporation, as it was the denial of a tax credit to Metafund because of Oklahoma law and the circumstances of the case.

¶ 16 Accordingly, we agree with OTC's determination that because Metafund is a tax-exempt entity under the Internal Revenue Code, it is not a C corporation under the Code, and thus cannot be a "qualified small business capital company" pursuant to 68 O.S.2001 § 2357.61(7).[6]

---

**5.** If the latter situation is not the case, this is not clear from Metafund's briefs, which, as noted above, do not address the primary concern expressed by the state and federal tax authorities who considered Metafund's request. It also is not clear from the record or from the parties' argument whether investments or contributions made with or to Metafund also may be taken as tax *deductions* by individuals making the contributions.

**6.** In its petition in error and Brief in Chief on appeal, Metafund contends that, if OTC is determined to have appropriately interpreted Oklahoma law, that its interpretation should be given prospective effect only and that it should not apply "retroactively" to Metafund's situation. Metafund does not cite to any portion of the record where it raised this issue before OTC and we can find no such reference. An issue which has not first been presented to the lower tribunal for consideration will not be considered for the first time on appeal. *See Northwest Datsun v. Okla. Motor Vehicle Comm'n,* 1987 OK 31, ¶ 16, 736 P.2d 516, 520. We therefore decline to address this allegation of error.

## CONCLUSION

¶ 17 For the reasons set forth above, OTC's decision that Metafund cannot be qualified as a small business capital company per 68 O.S.2001 § 2357.61(7) is affirmed.

¶ 18 AFFIRMED.

RAPP, V.C.J., and REIF, J., concur.